UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20751-CIV-MORENO
MAGISTRATE JUDGE P.A. WHITE

RICKY R. STATEN,                :

    Plaintiff,          :

v.                              :         REPORT OF
                                          MAGISTRATE JUDGE
                                :
JACQUES FELIPE LAMOUR, ET AL.,

    Defendants.         :
_____

On March 24, 2009, Ricky R. Staten, currently housed at the Glades Work Camp, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding in forma pauperis.

The plaintiff names two defendants: Jacques Felipe Lamour, M.D., Chief Medical Officer at DeSoto CI; and David Sanchez, M.D., a surgeon at Larkin Community Hospital in Miami, Florida. The plaintiff alleges that on July 7, 2007, he was transported from DeSoto CI to Larkin Community Hospital with severe abdominal pain. Thereat, Dr. Sanchez performed emergency surgery and removed several inches of his intestine due to internal bleeding. After the surgery, the plaintiff had severe discomfort in his abdomen, and Dr. Sanchez told him the pain was probably from the staples used to close the surgical incision. The plaintiff later observed that the surgery left him badly scarred, and that Dr. Sanchez had removed his "belly button." The plaintiff details that Dr. Sanchez was unprofessional when confronted about the scars, allegedly telling the plaintiff that he was lucky to be alive, that as a prisoner he had no right to question the surgeon's work and

commenting that he deserved the pain because he had inflicted pain on his crime victims.

The plaintiff further alleges that he was transferred back to DeSoto CI, where he presented to Dr. Lamour complaining that there was a piece of metal embedded in his abdomen. The plaintiff contends that Dr. Lamour proceeded, without anesthesia and without regard to sterilization, to remove his "stitches, open up the surgical wound and attempt to pull out the piece of metal, which he was unable to do because it became entangled with his organs. The plaintiff describes the doctor's actions as "monstrous and vile" and he notes that a nurse fainted when she saw the procedure and the assistant warden, who walked by, was "in a state of minor shock."

Although these events transpired in 2007, the plaintiff, who believes that his death may be imminent, describes this civil action as an emergency and he seeks an injunction ordering Dr. Lamour to transport him to Larkin Community Hospital for proper removal of the metal. The plaintiff also states that the emergency nature of this action has prevented him from pursuing administrative grievances, though he does not explain why he has not sought relief since September, 2007.

### Claims Against Dr. Sanchez

The plaintiff alleges that Dr. Sanchez was negligent and deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by leaving a piece of metal inside his thoracic cavity. These claims are subject to an initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> * * *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> * * *
>
> (B) the action or appeal –
>
> * * *
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v.

Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ. , 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The

rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The Eighth Amendment's prohibition on cruel and unusual punishments imposes a duty on prison officials to provide prisoners with "humane conditions of confinement," including adequate medical care. Farmer v. Brennan, 511 U.S. 825, 832-34 (1994). The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Farrow v. West, 320 F.3d 1235, 1242 (11 Cir. 2003). It is a prison official's deliberate indifference to an inmate's serious medical need that constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To show that a prison official acted with deliberate indifference to his serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. Farrow, 320 F.3d at 1243 (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000)). First, the plaintiff must present evidence of an objectively serious medical need which is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Id. In either situation, the medical need must be one that, if left unattended, poses a substantial risk of serious harm. Id. Second, the plaintiff must prove that the prison official acted with an attitude of deliberate indifference to that serious medical need. Id. Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct

5

that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11 Cir. 1999).

Deliberate indifference can be established by evidence that necessary medical treatment has been withheld or delayed for nonmedical or unexplained reasons. Farrow, 320 F.3d at 1247 (finding jury question on issue of deliberate indifference because of unexplained fifteen-month delay in treatment). The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Harris v. Coweta County, 21 F.3d 388, 393-94 (11 Cir. 1994). A plaintiff may also establish deliberate indifference with evidence of treatment "so cursory as to amount to no treatment at all." Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11 Cir. 1985). If prison officials delay or deny access to medical care or intentionally interfere with treatment once prescribed, they may violate the Eighth Amendment. Estelle, 429 U.S. at 104.

Not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment. Mere inadvertent or negligent failure to provide adequate medical care does not constitute deliberate indifference and cannot be said to constitute an unnecessary and wanton infliction of pain. McElligott, 182 F.3d at 1254. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106.

The plaintiff has failed to raise sufficient facts to state a constitutional claim against Dr. Sanchez. Although the plaintiff alleges that Dr. Sanchez made some comments about his rights as a prisoner, the facts alleged do not indicate that Dr. Sanchez acted

with a culpable state of mind in the course of performing surgery. That is, he fails to show that this defendant acted deliberately to cause him physical harm and to violate his constitutional rights. Indeed, the complaint specifically raises a claim of negligence, which is the only claim that is supported by the facts, and is not cognizable in a federal civil rights action. The complaint simply does not raise sufficient facts to state a claim that Dr. Sanchez intentionally left a piece of metal in his body. In sum, the plaintiff fails to raise sufficient facts under any pleading standard to establish a claim of deliberate indifference, and negligence claims are not cognizable in this federal civil rights action.

Accordingly, the complaint against Dr. Sanchez is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

## Claim Against Dr. Lamour

It appears that the plaintiff has stated a claim for relief against Dr. Lamour that may proceed beyond an initial screening. The allegations that Dr. Lamour engaged in an impromptu painful, gruesome and risky medical procedure and, liberally construed, has done nothing to have the piece of metal removed from the plaintiff's body since 2007, may indicate that he has acted with deliberate indifference in violation of the plaintiff's Eighth Amendment rights.

Accordingly, the only claims that may proceed beyond an initial screening are raised against Dr. Lamour, who is located in Arcadia, Florida, in the Middle District of Florida.

Venue for actions under 42 U.S.C. §1983 is governed by 28 U.S.C. §1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Title 28 U.S.C. §1404(a) provides that "for the convenience of the parties and witnesses, and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The standard for transfer under Section 1404(a) gives broad discretion to the trial court, which will be overturned only for abuse of discretion. See Mason v. SmithKline Beecham Clinical Laboratories, 146 F.Supp.2d 1355, 1358 (S.D.Fla. 2001) (citing Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11 Cir. 1991).

In analyzing the issue of proper venue in the context of motions to dismiss under the federal doctrine of forum non conveniens, courts have looked to certain factors set forth by the United States Supreme Court relating to the private interest of the litigants and the public interest in the fair and efficient administration of justice. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1988), superseded by statute on other grounds as

explained in American Dredging Co. v. Miller, 510 U.S. 443, 449, n. 2 (1994). Section 1404(a) superseded the common law doctrine of forum non conveniens insofar as transfer to another federal district court is possible, rather than outright dismissal. While forum non conveniens would not apply in a case such as this where there exists an alternative federal forum in which this case could have been brought and to which this case may be transferred, the factors enunciated in Gilbert, which provide the basis for a court's analysis of the relative fairness and convenience of two alternative forums, are helpful in determining whether to effect a change in venue under section 1404(a).

The factors set forth in Gilbert are as follows:

> [i]mportant considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all of the practical problems that make trial of a case easy, expeditious and inexpensive...

Gilbert, 330 U.S. at 508-09.

In this case, the Complaint filed in the Southern District of Florida could have been filed in the Middle District of Florida, as the defendant Lamour is located in that district. Upon analyzing the Gilbert factors, the Undersigned concludes that this case should be transferred to the Middle District of Florida.

Generally, a "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."

9

Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11 Cir. 1996).  The only defendant against whom a claim is stated is not located in this district.  Transferring this case to the Middle District of Florida, in which the defendant is located, would be much more convenient to all parties.  It would only minimally inconvenience the plaintiff, as his physical presence in that District would probably not be necessary unless there were a trial.  Thus, the convenience of the parties weighs in favor of transfer, outweighing the plaintiff's choice of forum.

It is thus recommended that the Clerk be directed to transfer this case to the United States District Court for the Middle District of Florida, Fort Myers Division.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 15th day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Lucy Lara, Court Assignments Clerk

Ricky R. Staten, Pro Se
DC No. W11902
Glades Correctional Institution Work Camp
2600 North Main Street
Belle Glade, FL 33430